## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **JO-ANN BOOTH**<br><br>              Plaintiff(s)<br><br>v.<br><br>**NOVO NORDISK INC**.<br>**NOVO NORDISK A/S**<br><br>              Defendant(s). | COMPLAINT AND JURY DEMAND CIVIL<br><br>ACTION NO.:_____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Jo-ann Booth                                                                                    .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                                                    , as N/A                                    of the estate of N/A                                , deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                                                    .

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                                                    .

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        X      Novo Nordisk Inc.

        X      Novo Nordisk A/S

        ____   Eli Lilly and Company

        ____   Lilly USA, LLC

        ____   other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Romulus, Michigan

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Michigan

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Michigan

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Romulus, Michigan

10.     Jurisdiction is based on:

X_____  diversity of citizenship pursuant to 28 U.S.C. § 1332

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Eastern District of Michigan

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X_____  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

Case 2:26-cv-00957-KSM     Document 1     Filed 02/13/26     Page 5 of 17

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

X_____     Ozempic (semaglutide)

_____     Wegovy (semaglutide)

_____     Rybelsus (oral semaglutide)

_____     Victoza (liraglutide)

_____     Saxenda (liraglutide)

_____     Trulicity (dulaglutide)

_____     Mounjaro (tirzepatide)

_____     Zepbound (tirzepatide)

_____     Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

_____6/2021-11/2025_____

_____

_____

_____

## **INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

X____    Gastroparesis

_____    Other gastro-intestinal injuries (specify)

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify)_____

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

_____    Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Gastroparesis: 2/2024

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    X     Injury to self

         Injury to person represented

    X     Economic loss

         Wrongful death

         Survivorship

         Loss of services

         Loss of consortium

         other(s) (specify): _____

## **CAUSES OF ACTION**

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____  Count I:     Failure to Warn – Negligence

_____  Count II:     Failure to Warn – Strict Liability

_____  Count III:    Breach of Express Warranty/Failure to Conform to Representations

_____  Count IV:    Breach of Implied Warranty

 X     Count V:     Fraudulent Concealment/Fraud by Omission

 X     Count VI:    Fraudulent/Intentional Misrepresentation

 X     Count VII:   Negligent Misrepresentation/Marketing

_____  Count VIII: Strict Product Liability Misrepresentation/Marketing

_____  Count IX:    Innocent Misrepresentation/Marketing

 X     Count X:     Unfair Trade Practices/Consumer Protection (see below)

_____  Count XI:    Negligence

_____  Count XII:   Negligent Undertaking

 X     Count XIII: State Product Liability Act (see below)

_____  Count XIV: Wrongful Death

_____   Count XV:  Loss of Consortium

_____  Count XVI: Survival Action

_____  Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

**Plaintiff asserts a claim pursuant to the Michigan Consumer Protection Act, codified at Mich. Comp. Laws Ann. § 445.903, *et seq*.**

**Additionally, see Attachment A and Plaintiff's Master Complaint Count X Paragraphs 850-865.**

      b.    Identify the factual allegations supporting those claims (by subsection, if

        applicable): **See Attachment A.**

**Before beginning Ozempic, Plaintiff saw television commercials promoting the drug, specifically commercials with the "Oh, Oh, Oh Ozempic" jingle. Plaintiff also reviewed pamphlets promoting Ozempic when she was in her doctor's office. Both the commercials and pamphlets overstated the benefits and downplayed the universe of potential health risks associated with Ozempic. Specifically, these materials informed her that Ozempic would lower A1C but did not warn her about the possibility of causing gastroparesis. When Plaintiff's doctor mentioned Ozempic, Plaintiff relied on the representations in the promotional materials she had seen and read in deciding to use the medication.**

    *\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s)

      is/are bringing such claims:

**Plaintiff brings claims for Negligence and Breach of Implied Warranties pursuant to The Michigan Product Liability Act, codified in Mich. Comp. Laws Ann. § 600.2947(6)(a).**

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

      failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

**Count I: Failure to Warn – Negligence**
**Count XI: Negligence**
**Count IV: Breach of Implied Warranty**

    c. Identify the factual allegations supporting those claims:

**In June of 2021, Plaintiff was prescribed and started taking Ozempic to aid with her diabetes, which she used as prescribed until November of 2025. In February of 2024, Plaintiff underwent a gastric emptying study and was diagnosed with gastroparesis. Because neither Plaintiff nor Plaintiff's treating physicians were warned that Ozempic could cause gastroparesis, Plaintiff continued her Ozempic use. Had Plaintiff and Plaintiff's treating physicians been warned that Ozempic could cause the gastroparesis she experienced, Plaintiff would have used a different safer alternative for management of her diabetes.**

**In addition, Plaintiff incorporates the following paragraphs from the Master Complaint by reference:**
**Count I: Failure to Warn - Negligence (¶¶ 606-640)**
**Count IV: Breach of Implied Warranty (¶¶ 699-779)**
**Count XI: Negligence (¶¶ 866-880)**
**Count XIII: State Product Liability Acts (¶¶ 904-911)**

    *\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? <u>No such notice is required</u>.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: February 13, 2026

By:

/s/ Craig Silverman, Esq.

Sullivan Papain Block McManus Coffinas and Cannavo P.C.

NY Atty ID: 4290472

120 Broadway Floor 27 NY, NY 10271

csilverman@triallaw1.com

212-266-4125

**ATTACHMENT "A"**
**UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT**

1.      Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2.      Plaintiff brings this claim against the Defendant(s) identified in paragraph 5 of the Short Form Complaint ("Defendant(s)").

3.      Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4.      The Michigan Consumer Protection Act ("Michigan CPA" or the "Statute") was created to protect consumers from unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce. Mich. Comp. Laws Ann. § 445.903.

5.      Plaintiff and/or Defendant(s) are "persons" under the Statute.

6.      Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7.      Defendant(s) are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8.      Defendant(s) designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9.    Defendant(s) marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Michigan. In addition, Defendant(s) sold the GLP-1 RA Products to residents of Michigan; shipped GLP-1 RA Products to Michigan; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Michigan. Defendant(s)' misconduct described herein significantly affected Michigan consumers.

10.    As alleged in the Master Complaint, Defendant(s) engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

   a.    Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

   b.    Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

   c.    Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11.    As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant(s) continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12.    As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendant(s) claimed. Despite espousing significant weight-loss benefits, Defendant(s) knew that the average person loses only a small percentage of their

body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendant(s) continued to mislead consumers by overstating the products' weight-loss benefits.

13.    The information referenced above that Defendant(s) misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14.    Defendant(s) intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15.    Defendant(s) violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16.    Defendant(s) violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.    Before beginning Ozempic, Plaintiff saw television commercials promoting the drug, specifically commercials with the "Oh, Oh, Oh Ozempic" jingle. Plaintiff also reviewed pamphlets promoting Ozempic when she was in her doctor's office. Both the commercials and pamphlets overstated the benefits and downplayed the universe of potential health risks associated with Ozempic. Specifically, these materials informed her that Ozempic would lower A1C but did not warn her about the possibility of causing gastroparesis. When Plaintiff's doctor mentioned Ozempic, Plaintiff relied on the representations in the promotional materials she had seen and read in deciding to use the medication.

18.    Defendant(s) knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

19.    "By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendant(s) engaged in unfair, deceptive and/or fraudulent acts in violation of the statute by, among other things: (a) representing that the GLP-1 RA Products have characteristics, uses, or benefits that they do not have; (b) representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are of another; (c) advertising or representing the GLP-1 RA Products with the intent not to dispose of them as advertised or represented; (d) failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably be known by the consumer; (e) making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and (f) failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. Mich. Comp. Laws Ann. § 445.903(c), (e), (g), (s), (bb), (cc).

20.    In violation of the Statute, Defendant(s)' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices,

and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

21.     Defendant(s)' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

22.     Plaintiff justifiably relied on Defendant(s)' misrepresentations and omissions and if Plaintiff had known the information that Defendant(s) withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

23.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions. Defendant(s) expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

24.     Plaintiff at all times acted as a reasonable consumer in relying upon Defendant(s)' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

25.     The actions and omissions of Defendant(s) are uncured or incurable.

26.     As alleged above, Defendant(s) had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

27.     As a direct and proximate result of Defendant(s)' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be

calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

28.    Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

29. Plaintiff was not required to bring pre-suit notice.